UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CELSO MALDONADO,
            Appellant,

                v.

DEPARTMENT OF THE AIR FORCE,
            Agency.

DOCKET NUMBER
PH-0752-18-0318-I-1

DATE: July 12, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Poulos, Jr., Hamilton, New Jersey, for the appellant.

Christopher Hawthorne, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to correct and supplement some of the administrative judge's statements in his analysis of the failure to satisfy a condition of employment charge, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-06 Police Officer at Joint Base McGuire-Dix-Lakehurst, New Jersey (JBMDL).  Initial Appeal File (IAF), Tab 6 at 54.  On May 11, 2011, the appellant broke his right fibula during a training exercise.  *Id.* at 95.  The appellant's injury required the surgical insertion of a metal plate and 10 screws in his leg.  *Id.*; IAF, Tab 8 at 38.  Sometime thereafter, the agency and a union representing civilian police officers began bargaining for the implementation of the Physical Agility Test (PAT) for civilian police officers at JBMDL.  The agency ultimately reached an agreement with the union that the PAT was a condition of employment, and it was documented in the appellant's position description and the agency's regulations.  IAF, Tab 7 at 25-27, 47-48, 59-61, 79-82, 97.  The PAT includes, among other things, a 1.5 mile run to be completed in 16 minutes, 17 seconds.  *Id.* at 82.

On June 14, 2017, the appellant underwent a fitness-for-duty examination.  IAF, Tab 10 at 27-34.  The examining physician assistant, J.R., did not clear the

appellant for the 1.5 mile run due to his leg injury. *Id.* at 33. J.R. determined that the appellant was medically qualified for his position, but she noted that he had a restriction of running no more than 100 yards (300 feet) at a given time. *Id.* at 34. Because the appellant requested that the agency grant him a waiver of the 1.5 mile run component of the PAT, IAF, Tab 6 at 104-05, Tab 7 at 5, J.R. reassessed the appellant in November 2017, and cleared him for duty with no restrictions, IAF, Tab 6 at 94-101. Because the results were inconsistent,[2] the appellant underwent another fitness-for-duty examination on December 6, 2017. IAF, Tab 12 at 5-6, Tab 19 at 58-59. The examining physician, S.C., determined that the appellant was not medically qualified for his position due to his limiting condition of running no more than 100 yards at a given time; thus, she did not clear him for the 1.5 mile run. IAF, Tab 6 at 88-89. Based on the results of the medical examination, the agency denied the appellant's request for a waiver. *Id.* at 82-83.

The agency proposed the appellant's removal based on the following charges: (1) inability to perform as a result of a medical condition; and (2) failure to satisfy a condition of employment. *Id.* at 63. The appellant submitted a response in writing that included, among other things, a letter from his own physician stating that he was cleared to take a Job Task Scenario (JTS) Appeals Test[3] as an alternate PAT. IAF, Tab 6 at 57, Tab 12 at 41, Tab 20 at 24.

---

[2] It appears that the reason for the different recommendation in November 2017, was due to the fact that J.R. had been provided with a job description that did not include the 1.5 mile run or other high-impact activities. IAF, Tab 11 at 9. Based on this job description, J.R. concluded that the appellant was able to complete all tasks required for his position, and he was fit for duty. *Id.* A Human Resources Specialist provided a declaration under penalty of perjury that he filled out the physical standards on the Optional Form (OF)-178 (Certificate of Medical Examination), Part B, for the appellant's November 6, 2017 examination; he mistakenly did not include the 1.5 mile run component of the PAT in the physical standards. IAF, Tab 19 at 58-59.

[3] The JTS Appeals Test involves three scenarios: (1) Gate Detail, (2) Tactical Response, and (3) Chase and Restrain Subject. IAF, Tab 7 at 82-86.

After considering his response, the agency removed the appellant from his position, effective May 18, 2018. IAF, Tab 6 at 56-60.

The appellant filed the instant appeal alleging that the agency did not prove its charges and retaliated against him for his prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 5. He did not request a hearing. *Id.* at 3. During the pendency of the appeal, the appellant withdrew his affirmative defense of EEO retaliation and requested that the case proceed on written submissions on the "sole issue" of whether the agency proved its charges. IAF, Tab 18 at 4. Based on the written record, the administrative judge affirmed the removal in a March 8, 2019 initial decision. IAF, Tab 21, Initial Decision (ID) at 1, 14. He found that the agency met its burden of proving its charges, nexus, and the reasonableness of the penalty. *Id.* at 6-14.

The appellant has filed a petition for review.[4]  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We affirm the administrative judge's finding that the agency proved its charge of inability to perform as a result of a medical condition.</u>

When the removal is based on a current medical condition, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 20.  In other words, the agency must establish that the appellant's medical condition prevents him

---

[4] After the record closed on review, the appellant moved for leave to file an additional pleading.  Petition for Review (PFR) File, Tab 4 at 5-6.  The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response.  5 C.F.R. § 1201.114(a).  For the Board to consider a party's pleading, other than one of those set forth above, the party must file a motion seeking leave and describe the nature and need for the pleading.  5 C.F.R. § 1201.114(a)(5).  If a party wishes to submit a pleading after the record is closed, the party must show that the evidence is new, i.e., that it was not readily available before the record closed, and material.  5 C.F.R. § 1201.114(a)(5), (k).  Here, the appellant asserts that newly issued Air Force Instruction (AFI) 31-118, which went into effect on March 5, 2020, supersedes the prior regulations that govern the standards for civilian police officers for the Air Force and that the appellant would have met the requirements of the new instruction.  PFR File, Tab 4 at 5.  As stated above, the agency removed the appellant from his position, effective May 18, 2018, and the initial decision was issued on March 8, 2019.  IAF, Tab 6 at 56-60, ID at 1.  According to the appellant, the latest version of the AFI 31-118 was issued more than 21 months after the appellant's removal and a year after issuance of the initial decision; thus, it was not in effect at the time of the agency action or when the initial decision was issued.  We find that any evidence of a change in the fitness standard, 21 months after the appellant's removal and a year after issuance of the initial decision, would be immaterial to the outcome of the appeal.  In so finding, we contrast the circumstances of this case to the cases in which an agency removed an employee for physical inability to perform the duties of his or her position, but the employee subsequently recovered before the issuance of the initial decision, and the Board found that it did not promote the efficiency of the service to uphold the removal action.  *Morgan v. U.S. Postal Service*, 48 M.S.P.R. 607, 613 (1991) (same).  Accordingly, we find that the appellant has not met the criteria for submitting an additional pleading on review, and we deny the motion.  5 C.F.R. § 1201.114(a)(5), (k).

from being able to safely and efficiently perform the core duties of his position. *Id.* The Board has indicated that the core duties of a position are synonymous with the essential functions of a position under the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act, i.e., the fundamental job duties of the position, not including marginal functions. *Id.*, ¶ 21. One of the bases for finding that a function is essential is that it is the "reason the position[] exists." *Id.*; 29 C.F.R. § 1630.2(n)(2)(i).

In the specification underlying the charge, the agency stated that the appellant has a medical condition that limits him to running no more than 100 yards at a given time and that his position requires him to be capable of running more than 100 yards at a given time for law enforcement purposes. IAF, Tab 6 at 63. We agree with the administrative judge that the agency proved the appellant's inability to perform his police officer position as a result of a medical condition. ID at 8-9.

The appellant informed an agency physician that his condition was permanent. IAF, Tab 6 at 128; ID at 8. The record reflects that the appellant's ability to run was compromised to the extent that two medical providers, in June 2017 and December 2017, did not clear him for the 1.5 mile run component of the PAT and deemed it necessary to restrict him to running no more than 100 yards at a time. IAF, Tab 6 at 88-89, Tab 10 at 33-34.

The position description for the police officer position states that the appellant is, among other things, required to possess "common physical characteristics and abilities in agility . . . and the strength to pursue, apprehend, and detain uncooperative suspects." IAF, Tab 7 at 97. The administrative judge interpreted the task of pursuing suspects as requiring the ability to run, and perhaps run a distance greater than, 100 yards. ID at 8-9. The administrative judge properly found that running to pursue suspects is a core duty, or an essential function, of the appellant's position as a police officer and that he was a danger to himself and any officers with whom he worked in that capacity because

his ability to pursue suspects and to support other officers in such pursuits was severely restricted. *Id.* We discern no error with this analysis.

In the initial decision, the administrative judge found that the appellant was not entitled to waiver of the 1.5 mile run portion of the PAT pursuant to 5 C.F.R. § 339.204.[5] ID at 9. On review, the appellant appears to challenge this finding, stating among other things[6] that S.C. made contradictory conclusions on the Optional Form (OF)-178 (Certificate of Medical Examination) and the Standard Form 600 (Chronological Record of Medical Care) regarding his ability to perform the essential duties of his position. PFR File, Tab 1 at 17-18; *compare* IAF, Tab 6 at 88-89 (noting the appellant's OF-178 stated no running more than 100 yards and that he is not medically qualified and not cleared for the PAT), *with* IAF, Tab 12 at 5-6 (finding that the appellant meets all requirements for his position except for inability to run more than 100 yards). He further states that the agency altered the OF-178 so that S.C. did not have the option to evaluate his fitness to take the alternate PAT. PFR File, Tab 1 at 18. The Board generally will not consider arguments raised for the first time in a petition for review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made this showing. Even if we were to consider his arguments on review, a different result is not

---

[5] An agency must waive a medical standard or physical requirement established under this part when an employee, unable to meet that standard or requirement, presents sufficient evidence that the employee, with or without reasonable accommodation, can perform the essential duties of the position without endangering the health and safety of the employee or others. 5 C.F.R. § 339.204(a).

[6] The appellant also asserts on review that he raised no claim that the agency was required to waive the 1.5 mile run component of the PAT pursuant to 5 C.F.R. § 339.204. PFR File, Tab 1 at 20. Even if the appellant did not raise such a claim, for the reasons stated herein, the administrative judge's statement is not prejudicial to his substantive rights and provides no basis to reverse the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

warranted; he is not entitled to a waiver of the PAT under 5 C.F.R. § 339.204 because he cannot perform the essential functions of his position.

On review, the appellant asserts a claim of harmful error because the administrative judge failed to address his claim that the agency improperly imposed the 1.5 mile run component of the PAT as a "physical requirement" for his position. PFR File, Tab 1 at 21 (citing 5 C.F.R. § 339.203). This is the first time that the appellant is raising a claim of harmful error; below, he withdrew his retaliation affirmative defense, and he only raised this claim of error as a challenge to the first charge, IAF, Tab 20 at 12-14. The appellant has not provided any satisfactory explanation for why this claim should be treated as a claim of harmful error for the first time on review. *Banks*, 4 M.S.P.R. at 271.

Nevertheless, we have considered this argument as a claim of error, but we are not persuaded that a different outcome is warranted. Pursuant to 5 C.F.R. § 339.203(a), an agency is authorized to establish physical requirements for a position, without OPM approval, when such requirements are essential for the performance of the duties of a specific position. Based on our review of the position description and other relevant documentation, and for the reasons described herein and in the initial decision, we discern no error with the agency's conclusion that the 1.5 mile run portion of the PAT is a physical requirement of the police officer position. *See, e.g.*, *Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶ 9 (2007) (noting that, absent evidence of bad faith or patent unfairness, the Board defers to the agency's determination as to the requirements that must be fulfilled for an individual to qualify for appointment to, or to retain, a particular position).

For these reasons, we find that the administrative judge properly sustained the agency's first charge.

<u>We affirm the administrative judge's finding that the agency proved its charge of failure to satisfy a condition of employment.</u>

For a charge of failure to satisfy a condition of employment, the agency must prove: (1) the requirement at issue is a condition of employment, and (2) the appellant failed to meet that condition.[7] *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). In the specification underlying the charge, the agency stated that the appellant was required to take and pass an annual PAT and that he failed to meet that requirement. IAF, Tab 6 at 63. We agree with the administrative judge that the agency proved this charge. ID at 12.

Importantly, the appellant acknowledged below and on review that passing the PAT is a condition of employment, and he has a medical impairment that prevents him from passing the 1.5 mile run component of the PAT. PFR File, Tab 1 at 20; IAF, Tab 19 at 70, Tab 20 at 16, 24. Moreover, the position description and Air Force Instruction (AFI) 31-122 clearly state that a police officer is required to pass the PAT. IAF, Tab 7 at 79-82, 97.

According to AFI 31-122, Section 6.8.5.1, the successful completion of the 1.5 mile run component of the PAT demonstrates cardio-respiratory endurance or aerobic capacity used in extended control and defensive tactics training. *Id.* at 82. The administrative judge explained that such stamina and endurance is important for tasks that a police officer performs, including running on pursuits, responding to emergency situations, and defending against intruders. ID at 11-12. The record also reflects that the appellant lacked the endurance and stamina that is demonstrated by the 1.5 mile run component of the PAT. For example, on November 18, 2016, the appellant was unable to successfully complete the mock PAT, and he "suffered pain and swelling as a result of the 1.5 mile run portion of the test." IAF, Tab 7 at 50-51, Tab 19 at 70.

---

[7] In the initial decision, the administrative judge identified a third factor, which stated that, to the extent that the appellant's failure to meet the condition was within the agency's control, he was afforded a reasonable opportunity to meet the condition. ID at 7 (internal citations omitted). Even if we considered this third criterion, we would find that the agency satisfied its burden.

The appellant maintains that he can satisfy this condition of employment, despite his inability to pass the PAT, because the agency offers a JTS Appeals Test (alternate PAT), which he was "fully capable of taking and passing." PFR File, Tab 1 at 19; IAF, Tab 20 at 24. He notes that the alternate PAT had a running distance of approximately 562 feet (less than 200 yards) and that he was able to run three-quarters of a mile (3,950 feet). PFR File, Tab 1 at 19; IAF, Tab 7 at 82-86, Tab 20 at 24. He observes that he made such an assertion in his declaration under penalty of perjury, but the administrative judge did not reference or incorporate this assertion in the initial decision. PFR File, Tab 1 at 18-20.

The Board has held that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016). Moreover, in analyzing the appellant's claim, the administrative judge noted that the appellant's private physician cleared him to take the alternate PAT. ID at 9-10; IAF, Tab 12 at 41. The administrative judge found that the medical documentation from the appellant's private physician was not persuasive and did not adequately explain how the appellant could complete an alternate PAT, especially given the strenuous nature of the tasks involved, which included but was not limited to running 562 feet, jumping a 4-foot drainage ditch twice, and traversing multiple levels of stairs. ID at 10-11. The administrative judge further determined that the opinions of the agency's medical providers regarding the appellant's physical limitations had more probative value than the appellant's private physician's conclusory assertions[8] because the agency's medical providers had more experience with the duty requirements of the appellant's position, and the agency's medical records pertain directly to the appellant's ability to perform

---

[8] The appellant's private physician did not express any opinion as to the appellant's fitness for duty, his running restriction, or his ability to pass the PAT. IAF, Tab 12 at 41. She merely stated he was "of sufficient medical condition to allow him to safely complete the alternate physical abilities test." *Id.*

the essential functions of his position and his ability to pass the 1.5 mile run portion of the PAT. ID at 11; *see, e.g.*, *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 11 (2014) (recognizing that in assessing the probative weight of medical opinions, the Board considers whether the opinion was based on a medical examination and provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the treatment of the appellant), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36. We discern no basis to disturb the administrative judge's determination in this regard.

However, we wish to correct two statements that the administrative judge made in the initial decision that the appellant raises as error on petition for review. First, the administrative judge inaccurately stated in the initial decision that the appellant admitted that he cannot run more than 100 yards at a given time. PFR File, Tab 1 at 19-20; *see* ID at 10 (relying on the appellant's answer to request for admission 23). This request for admission only asked the appellant to admit whether 100 yards is equivalent to 300 feet, which the appellant did so admit. IAF, Tab 19 at 72. Second, the appellant challenges the administrative judge's statement that the collective bargaining agreement predates and, therefore, trumps the Department of Defense Instruction (DoDI) 5525.15. PFR File, Tab 1 at 15-17; ID at 10. We agree with the appellant that it was improper for the administrative judge to make this particular finding,[9] and we correct the administrative judge's statements in this regard.

Notwithstanding these modifications, DoDI 5525.15 does not support the appellant's claim of entitlement to the alternate PAT. Section 5.1(a)(1) of DoDI 5525.15 states that the PAT is a floor for physical fitness programs. IAF, Tab 7 at 31. Section 5.1(a)(2) states that alternate events are permitted for civilian

---

[9] Indeed, the section of the 2016 version of DoDI 5525.15, which discusses physical fitness and certification standards, is similar to the earlier 2012 version of that instruction. *Compare* IAF, Tab 7 at 31, *with* IAF, Tab 20 at 56-57.

police officers with "long-term medical restrictions or disabilities who can otherwise perform the essential functions of the job, with or without reasonable accommodation." *Id.* Section 5.1(a)(3) of DoDI 5525.15 states that medical screening and clearance must be completed before testing. *Id.* Notably, there is no requirement in either version of DoDI 5525.15 that the agency administer an alternate PAT for an individual, such as the appellant, who cannot perform the essential functions of his position. IAF, Tab 7 at 31, Tab 20 at 56. Moreover, the administrative judge correctly concluded that the appellant was not eligible for an alternate PAT pursuant to section 5.1(a)(3) of DoDI 5525.15 because the appellant was not cleared for testing due to his running restriction. ID at 10; IAF, Tab 6 at 88-89, Tab 7 at 31.

Finally, the appellant asserts on petition for review that the administrative judge erred[10] in failing to address his arguments that the agency disregarded its own medical disqualification requirements when: (1) it did not appoint a Medical Review Officer and an Air Force Security Forces Qualifications Review Board to conduct a medical standard disqualification recommendation, as required in AFI 31-122, Section 2.5.4, and (2) it did not provide him an opportunity to submit medical documentation from his private physician for consideration during the medical examination process, as required in 5 C.F.R. § 339.303(b). PFR File, Tab 1 at 12-14; IAF, Tab 20 at 14-15. Any administrative judge's error in failing to address these arguments is not prejudicial to the appellant, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984), because we consider these arguments on review.

The appellant argues that his submission of documentation from his private physician that he was cleared to take an alternate PAT constitutes an appeal of the agency's medical disqualification determination, and he relies upon "Appendix 8" of AFI 31-122, Section 2.5.4 to support his contention that a Security Forces

---

[10] Here, too, the appellant frames this claim as one of harmful error. PFR File, Tab 1 at 12. For the reasons stated herein, we only analyze this claim as a claim of administrative judge error.

Qualifications Review Board and Medical Review Officer should have been appointed. PFR File, Tab 1 at 13-14. It does not appear that "Appendix 8" was included in the record below, but the agency provides a copy of Attachment 8 on review. PFR File, Tab 3 at 6, 13-14. We have considered the agency's submission of Attachment 8 on review in order to resolve this issue. Attachment 8 sets forth the process by which a Security Forces Qualifications Review Board is established and when an employee may request a waiver of a medical disqualification determination. *Id.* at 13-14.

We are not persuaded that the appellant's documentation from his private physician constitutes an appeal of the agency's medical disqualification determination because, among other things, the appellant submitted this documentation in response to the March 26, 2018 notice of proposed removal, not in response to S.C.'s December 6, 2017 determination that he was not medically qualified or the agency's March 8, 2018 denial of his request for a reasonable accommodation. IAF, Tab 6 at 56-57, 63-66, 82-85, 89, Tab 12 at 41.

Even if we assumed for the purposes of our analysis that the appellant properly submitted a waiver, he was not eligible for such a waiver. As stated in Attachment 8, an agency cannot consider a waiver for an "employee[] who [has] a permanent or long term medical disqualification unless [he] can provide objective medical documentation that demonstrates that [he] can *perform the essential functions of the position* with or without reasonable accommodation." PFR File, Tab 3 at 13 (emphasis added). For the reasons described herein and in the initial

decision, the appellant cannot perform the essential functions of his position.[11] ID at 10.

We have also considered the appellant's argument that he was not afforded an opportunity to submit his own medical evaluation, as required in 5 C.F.R. § 339.303(b). PFR File, Tab 1 at 14. This regulation states, in relevant part, that when an agency requires a medical examination, the agency "designates the examining physician," but it "must offer the . . . employee an opportunity to submit medical documentation from his . . . private physician or practitioner for consideration in the medical examination process." 5 C.F.R. § 339.303(b). The regulation further states that the agency must review and consider all such documentation supplied by the private physician or practitioner. *Id.* The record reflects that appellant provided to the agency, and the agency considered, a statement from his private physician prior to removing him from his position. IAF, Tab 6 at 57, Tab 12 at 41. Thus, we discern no error.

For these reasons, we affirm as modified herein the administrative judge's conclusion that the agency proved the second charge.

<u>We affirm the administrative judge's findings on nexus and penalty.</u>

The appellant does not challenge, and we discern no basis to disturb, the administrative judge's findings that the appellant's removal promotes the efficiency of the service and that the penalty of removal is within the tolerable bounds of reasonableness. ID at 12-14; *see Brown*, 121 M.S.P.R. 205, ¶ 17 (finding that removal for physical inability to perform the essential functions of a position promotes the efficiency of the service), *overruled on other grounds by*

---

[11] According to Attachment 8, a Security Forces Qualifications Review Board is only established to review cases for incumbent officers "who meet the full range of duties contained within their Position Description (e.g., the PAT), but cannot meet the established medical standards (e.g., color blind in one eye)." PFR File, Tab 3 at 13. Additionally, the role of a Medical Review Officer is to "support the board to make medical standard qualification/disqualification recommendations." *Id.* The appellant cannot meet the full range of duties in his position, and thus, it would be unnecessary to convene a Security Forces Qualifications Review Board or appoint a Medical Review Officer.

*Haas v. Department of Homeland Security*, 2022 MSPB 36; *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 11 (2010) (finding that removal for failure to satisfy a condition of employment promotes the efficiency of the service and is within the tolerable bounds of reasonableness). Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.